UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES MURRAY,

                                    Plaintiff,

  -v.-                                                                  9:03-CV-1010
                                                                               (DNH/GHL)

R. PALMER; S. GRIFFIN; M. TERRY; F. ENGLESE;
SERGEANT EDWARDS; K. BUMP; K.H. SMITH;
A. PAOLANO; TED NEJWITH,

                                    Defendants.

---

APPEARANCES:                                        OF COUNSEL:

JAMES MURRAY, 95-A-4417
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff, *pro se*

HON. ANDREW M. CUOMO                    JAMES SEAMAN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for the Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

**DECISION and ORDER**

**I. Background**

     Plaintiff James Murray filed two Motions to Compel Discovery, containing a series of separate motions relating to different discovery requests. Dkt. Nos. 52 and 54. By Decision and Order entered August 29, 2006 ("August Order"), Plaintiff's Motions were granted in part and denied in part. Dkt. No. 64. The Court denied Plaintiff's request to take oral depositions of

Defendants with a video-camera supplied by his family.[1]  *Id.* at 7.  The Court also denied Plaintiff's request to be provided a copy of a directive which sets forth guidelines for hand-held video-taping.[2] *Id.* at 10.  The Court directed Defendants to produce for Plaintiff's inspection a copy of Plaintiff's medical records and to produce to Plaintiff a copy of any directives governing the use of emergency pull "pins" on correctional officer's radios.[3]  *Id.* at 6, 11.

Presently before the Court are two Motions for Reconsideration filed by Plaintiff seeking reconsideration of that part of the August Order denying Plaintiff's requests for oral depositions and the video-taping directives.[4]  Dkt. Nos. 65 and 66.  Also before the Court is a Letter Motion filed by Plaintiff requesting various forms of relief.  Dkt. No. 73.

**II. Motions for Reconsideration**

In support of his first Motion for Reconsideration, regarding the denial of his request to take oral depositions, Plaintiff states that utilizing a stenographer in the deposition process is not mandated and requiring him to obtain a stenographer is unfair because he cannot afford it.  Dkt. No. 65 at 5.  Plaintiff states that his family can provide multiple tape recorders and then transcribe the

---

[1] The Court denied this request because Plaintiff did not serve a notice of deposition on any of the Defendants prior to the expiration of the discovery deadline, the deposition procedure did not comport with the Federal Rules of Civil Procedure, Plaintiff did not show cause for this "extraordinary relief" and Plaintiff is not excused from paying the costs of discovery simply because he has been granted *in forma pauperis* status.  Dkt. No. 64 at 7-8.

[2] This request was denied because of the confidential nature of the directive sought and Plaintiff's failure to establish the relevancy of video-taping policies.  *Id.* at 10.

[3] The August Order addressed several other discovery issues which are not relevant to the motions addressed in this Order.  *See* Dkt. No. 64.

[4] Plaintiff has also filed supplemental papers in support of his Motions to Reconsider.  Dkt. No. 72.

tapes and make copies of that transcript. *Id.* at 6. Plaintiff argues that he was not required to send a notice of deposition to the Defendants since it is impossible for him to afford to take depositions. *Id.* at 8.

In support of his second Motion for Reconsideration regarding the denial of his request to be provided a copy of the hand-held video-taping directive, Plaintiff states that the directive is necessary to prove his case to a jury. Dkt. No. 66 at 3. Plaintiff states that producing the directive would not constitute a security risk. *Id.* at 5.

In his supplemental papers in support of his Motions for Reconsideration, Plaintiff describes the difficulties he has encountered in litigating this matter, including that he has been unable to research cases cited by the Court, he cannot obtain an attorney to assist him in his many lawsuits, and he has not been able to review the medical records possessed by the Defendants because he cannot afford to copy them. Dkt. No. 72. Plaintiff also requests that the Court order Defendants to submit an affidavit stating that directives regarding the use of "pull 'pins'" do not exist. *Id.* at 10.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting

the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)(citations omitted).

In this case, Plaintiff addresses issues already decided by the Court. Plaintiff also requests the Court to compel Defendants to produce an affidavit; such a request is not appropriate in a Motion for Reconsideration. Because Plaintiff has not established any of the above-cited factors relative to his motions, and has not met the strict standard required for reconsideration, the Motions for Reconsideration are **denied**.

### III. Letter Motion

Plaintiff's Letter Motion is disjointed and difficult to understand. Dkt. No. 73. Plaintiff states that he has had trouble litigating this matter due to policies limiting his access to legal research and writing paper. Dkt. No. 73 at 2-3. Plaintiff also states that the Court has "overlooked" his motions, claiming he submitted several motions at once due to his inability to obtain more paper. *Id.* at 1. Plaintiff states that he has submitted a Motion for Counsel, which should be granted because he has been denied true access to the court and denied discovery.[5] *Id.* at 3-4.

It is unclear what relief Plaintiff is seeking in this Letter Motion. Plaintiff is advised that the Court has reviewed all pending motions submitted by Plaintiff in this action. Plaintiff is further advised that any relief he is seeking from this Court, including appointment of counsel, must be in the form of a motion that complies with the Local Rules. If Plaintiff wishes to request various forms of relief in a single motion, he must clearly and explicitly label the relief he seeks.

---

[5] Plaintiff does not indicate when this "Motion for Counsel" was filed. The Court notes that Plaintiff has filed one Motion to Appoint Counsel on February 23, 2004. Dkt. No. 9. This Motion was denied by Order of United States District Judge David N. Hurd issued April 30, 2004. Dkt. No. 11.

Accordingly, Plaintiff's Letter Motion is **denied**.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's first Motion for Reconsideration (Dkt. No. 65) is **denied**, and it is further

ORDERED, that Plaintiff's second Motion for Reconsideration (Dkt. No. 66) is **denied**, and it is further

ORDERED, that Plaintiff's Letter Motion requesting various forms of relief (Dkt. No. 73) is **denied**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: April 26, 2007
       Syracuse, New York

George H. Lowe
United States Magistrate Judge